IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV390

BERNARD SCHULZ,                      )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )                    ORDER
                                     )
MCALISTER'S DELI,                    )
                                     )
        Defendant.                   )
_____     )

This matter is before the Court upon Defendant's Motion to Dismiss. This case was

originally filed by the *pro se* Plaintiff in state court and timely removed to this Court. The

Complaint herein is virtually identical to a complaint previously filed by Plaintiff against

Defendant in a prior proceeding. *See* Case No. 3:15-cv-00409-RJC-DSC. In the previous

case, the Defendant filed a motion to dismiss Plaintiff's complaint on the basis that he had

failed to assert a claim upon which relief could be granted. Case No. 3:15-cv-409, Doc. 3.

When Plaintiff failed to respond to Defendant's Motion, the Court issued an Order directing

Plaintiff to show cause why his complaint should not be dismissed for failure to prosecute

and advising him that failure to timely respond could result in the dismissal of his case with

prejudice. *Id*. at Doc. 6. Thereafter, Plaintiff ignored the Court's Order and failed to

respond in any way to Defendant's Motion. As a result, on November 5, 2015, United States

Magistrate Judge David C. Cayer recommended that Defendant's motion be granted and

Plaintiff's complaint be dismissed. District Judge Robert J. Conrad adopted the Magistrate

Judge's recommendation, granted Defendant's Motion and dismissed Plaintiff's complaint in

the Initial Action on February 3, 2016. *Id*. at Doc. 15.

Defendant has moved to dismiss this case on the grounds that Plaintiff's claims are barred by the doctrine of *res judicata,* as well as for failure to state a claim. "Under the doctrine of *res judicata*, or 'claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Foreman v. U.S. Bank Nat'l Assoc.*, 2008 WL 4287948, No. 1:08CV287, at *2 (M.D.N.C. Sept. 16, 2008). As the court stated succinctly in *Foreman*, "[t]he [*res judicata*] doctrine prevents the relitigation of all matters that were or should have been adjudicated in the prior action." *Id*. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[u]nless the dismissal order states otherwise, a dismissal [for failure to prosecute or to comply with a court order] . . ., operates as an adjudication on the merits."  As a result, such a dismissal has *res judicata* implications and bars any further claims by the plaintiff based on the same causes of action. *See Andrews v. Daw*, 201 F.3d 521, 524, 525 n.2 (4th Cir. 2000) (holding that a dismissal pursuant to Fed. R. Civ. P. 41(b) is a final judgment on the merits for purposes of *res judicata*); s*ee also*, *Mays v. Raynor & Assocs.*, No. 5:15–CV–177–FL, 2015 WL 6759951, at *3 (W.D.N.C. Oct. 12, 2015) (holding that the plaintiff's subsequent complaint was barred by the doctrine of *res judicata* where the plaintiff's initial complaint, involving the same facts and claims as the subsequent complaint, was dismissed for failure to prosecute).

Here, Plaintiff's factual allegations and legal claims are virtually identical to those asserted in the initial action that were already adjudicated on the merits.   Under North Carolina law, "a judgment on the merits is not only conclusive as to matters actually litigated and determined, but also as to all matters properly within the scope of the pleadings which could and should be adjudicated at the time." *Dillahunt v. Clark*, No. 4:07-CV-97-H, 2009 WL 1382606,

at *2 (E.D.N.C. Mar. 18, 2009).  As a result, a plaintiff cannot avoid the preclusive effect of a determination on the merits by simply asserting a new legal theory.  *Id*.

The Court dismissed the initial complaint following Plaintiff's failure to (1) respond to Defendant's Motion to Dismiss and (2) the Court's Show Cause Order.  Accordingly, the Court's dismissal operated as an adjudication on the merits pursuant to Rule 41(b). As the instant Complaint attempts to relitigate claims arising from the same events (i.e., his brief employment with the Defendant) as stated in the initial complaint, this Complaint is barred by the doctrine of *res judicata* and will be dismissed with prejudice.

IT IS THEREFORE ORDERED that the Defendant's Motion to Dismiss is hereby GRANTED and this case is hereby DISMISSED WITH PREJUDICE.

Signed: June 29, 2016

Graham C. Mullen
United States District Judge